IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ROBERT P. TESSIER, | : |
| Complainant, | : |
| | : CIVIL ACTION NO. |
| vs. | : |
| RADWARE, INC. | : |
| Respondents | : |

## COMPLAINT

### I. INTRODUCTION

Plaintiff, Robert P. Tessier, a dedicated and successful employee of Defendant, Radware, Inc. ("Radware"), who suffered from prostate cancer, brings this action for disability discrimination and retaliation pursuant to the Americans with Disabilities Act ("ADA") and the Florida Civil Human Rights Act ("FCRA"), for retaliation pursuant to the Family Medical Leave Act ("FMLA") and, in the alternative, for equitable estoppel.

### II. THE PARTIES

1. Plaintiff, Robert P. Tessier, is an individual and citizen of the State of Florida. He resides in Fort Lauderdale, Florida and was employed as a Regional Sales Manager for Radware, Inc. ("Radware") operating out of Florida since June 2017.

2. Defendant, Radware, is a New Jersey Corporation, that provides cybersecurity and applications delivery solutions with worldwide operations. Radware employs Regional Sales Managers, such as Plaintiff, around the country, who work from their home offices.

3. At all material times, Plaintiff was assigned to work out of his home in Fort Lauderdale, Florida on behalf of Radware.

4. At all relevant times, Radware had approximately 1,000 employees.

5. At all times material hereto, Defendant acted by and through authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of its business.

6. At all times material hereto, Defendant was an employer within the meaning of the statutes that form the basis of this matter.

7. At all material times hereto, Plaintiff was an employee of the Defendant within the meaning of the statutes which forms the basis of this matter.

### III. JURISDICTION AND VENUE

8. The causes of action which form the basis of this matter arise under the ADA, the FCRA and the FMLA.

9. The District Court has jurisdiction over Count I (ADA- discrimination and retaliation), Count III (FMLA retaliation) and Count IV (equitable estoppel) pursuant to 28 U.S.C. §1331.

10. The District Court has supplemental jurisdiction over Count III (FCRA) pursuant to 28 U.S.C. §1367.

11. Venue is proper in the District Court under 28. U.S.C. §1391(b) and 42 U.S.C. §2000e-5. On or about October 16, 2000, Plaintiff filed a Charge of Discrimination with the equal Employment Opportunity Commission ("EEOC"), complaining of the acts alleged herein.

12. On or about October 18, 2021, the EEOC issued to Plaintiff a Right to Sue letter. (See letter, attached as Exhibit "A").

13. Plaintiff has fully complied with all administrative prerequisites for the commencement of this Action.

## IV  FACTUAL ALLEGATIONS

14. Plaintiff was hired by Defendant as a Regional Sales Manager operating out of Florida in June 2017. He was originally assigned the Florida territory and Tennessee was added thereafter.

15. Plaintiff was diagnosed with prostate cancer in 2017. Both the VP of Human Resources for Radware, Noreen Rosica, and his supervisor, Michael Littleton were made aware of Plaintiff's cancer diagnosis in July 2019.

16. In August 2019, Plaintiff was given a mid-year performance review wherein he met 95.6% of his Q1-Q2 quota and ending Q1-Q3 at 84% of his quota.

17. In early October 2019, Plaintiff requested five (5) PTO days providing a description of "cancer procedures" to deal with his worsening cancer diagnosis. Even so, it took Mr. Littleton over three weeks to approve that request for time off.

18. But two (2) weeks after returning from sick leave, in retaliation for taking leave, Plaintiff was presented with a performance improvement plan concerning allegedly poor performance. It was at that meeting that Ms. Rosica learned Plaintiff had taken sick leave and recommended that he take additional leave in the form of FMLA leave.

19. Ms. Rosica suggested that Plaintiff take FMLA leave and provided him with FMLA documentation that explained his obligations, rights and responsibilities regarding his leave advising that Radware would treat the first twelve (12) weeks of leave as if it were covered by the FMLA.

20. At Ms. Rosica's suggestion, Plaintiff consulted his doctor and decided to take FMLA leave through mid-February 2020. His request for FMLA was granted by Radware.

21. However, at no point during his discussions regarding his medical leave, did anyone respond to Plaintiff's question concerning whether or not his sick leave impacted his

3

average weekly sales meetings. Notably, other sales representatives, who did not have cancer, either did not receive personal improvement plans for missing their sales quotas or didn't receive one until after doing so over multiple quarters.

22.     On or around December 4, 2019, after Ms. Rosica questioned Plaintiff about his request for FMLA leave, Plaintiff told her in email that "I feel that the company is being retaliatory and discriminating with respect to my disability."

23.     In retaliation for taking eleven (11) weeks of FMLA leave and in violation of the ADA and FCRA, upon returning to work on February 19, 2020 from that leave, Mr. Littleton informed Plaintiff that his sales territory was being reduced to just cover Tennessee and that the Florida territory was taken away. This breached the agreement Plaintiff had made with Defendant when hired wherein he indicated he would only work in Florida. Tennessee did not have the same sales opportunities as Florida did. This was done to make it impossible for Plaintiff to succeed.

24.     The discrimination and retaliation continued when Mr. Littleton also informed Plaintiff that seven (7) large accounts that historically were part of the Tennessee territory were now excluded from the Tennessee territory and were given to the Atlanta sales representative who had no prior relationship with those accounts.

25.     Mr. Littleton verbally advised Plaintiff that his performance improvement plan would be revised to reflect that his quota had been reduced due to the reduction in territory. That, however, was never done and Plaintiff was held to his November 2019 performance plan even though his sales territory had been greatly reduced.

26.     Mr. Littleton also revised downward the value of Plaintiff's potential deals to make it look like Plaintiff was not meeting his goals.

27. Subsequently, after the start of the current pandemic that froze travel and devastated the U.S. economy, Plaintiff was given another performance improvement plan on May 29, 2020. Notably, in retaliation for taking FMLA because of his cancer and in violation of the ADA and FCRA, this plan did not take into consideration that Plaintiff had been on FMLA leave for nearly 2/3 of the first quarter.

28. Despite adding $1.1 million in sales to the Tennessee pipeline since the end of May during a pandemic, Plaintiff was terminated on June 30, 2020, allegedly for poor performance.

## COUNT I – ADA

### Discrimination and Retaliation

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Plaintiff suffered from a qualifying health condition (cancer) under the ADA which affected his ability to perform daily life activities including but not limited to working.

31. Plaintiff informed Defendant's management of his serious health condition and need for medical treatment.

32. Despite Plaintiff's aforementioned health condition and limitations, he was still able to perform the duties of his job with Defendant, however, Plaintiff did require a reasonable accommodation.

33. Plaintiff avers that he was subject to a hostile work environment by Defendant due to his disability, his record of impairment and in retaliation for his requested accommodation through disparate treatment, demeaning and/or discriminatory treatment toward him.

34. Plaintiff registered a complaint in writing to Radware about the discrimination and retaliation he was suffering. Within temporal proximity to his written complaint, Plaintiff suffered further discrimination and retaliation.

35. Plaintiff avers that he was terminated by Defendant due to his disability, his record of impairment and in retaliation for his requested accommodation and complaint of discrimination.

36. Defendant acted intentionally and with malice and/or reckless indifference to Plaintiff's rights and its conduct warrants the imposition of punitive damages.

37. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered emotional distress, damages and losses set forth herein and has incurred attorneys' fees and costs.

38. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

39. No previous application has been made for the relief requested herein.

## COUNT II – FCRA

### Disability and Retaliation

40. The foregoing paragraphs are incorporated herein in their entirety as it set forth in full.

41. Plaintiff suffered from a qualifying health condition under the FCRA which affected his ability (at times) to perform daily life activities including but not limited to working.

42. Plaintiff informed Defendant's management of his serious health condition and need for medical treatment.

43. Despite Plaintiff's aforementioned health condition and limitations, he was still able to perform the duties of his job with Defendant, however, Plaintiff did require a reasonable accommodation.

44. Plaintiff avers that he was subject to a hostile work environment by Defendant due to his disability, his record of impairment and in retaliation for his requested accommodation through disparate treatment, demeaning and/or discriminatory treatment toward him.

45. Plaintiff registered a complaint in writing to Radware about the discrimination and retaliation he was suffering. Within temporal proximity to his written complaint, Plaintiff suffered further discrimination and retaliation.

46. Plaintiff avers that he was terminated by Defendant due to his disability, his record of impairment and in retaliation for his requested accommodation and complaint of discrimination.

47. Defendant acted intentionally and with malice and/or reckless indifference to Plaintiff's rights and its conduct warrants the imposition of punitive damages.

48. As a direct and proximate result of Defendant's violation of the FCRA, Plaintiff has suffered emotional distress, damages and losses set forth herein and has incurred attorneys' fees and costs.

49. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

50. No previous application has been made for the relief requested herein.

## COUNT III – FMLA RETALIATION

51. The foregoing paragraphs are incorporated herein in their entirety as it set forth in full.

52. Radware recommended to Plaintiff that he take FMLA leave, provided him with FMLA documents to be completed and submitted, mispresented to Plaintiff that it would provide him with all of the rights protections of the FMLA and advised that Radware would treat the first twelve (12) weeks of leave as if it were covered by the FMLA.

53. Radware was well aware that it would not provide Plaintiff with all of the rights and protections of the FMLA when it recommended that Plaintiff take medical leave.

54. Radware intended for Plaintiff to rely upon the information it provided Plaintiff regarding FMLA leave.

55. Plaintiff relied on the advice given to him regarding FMLA leave being offered by Defendant and took such leave.

56. As a result of taking FMLA leave, Defendant retaliated against Plaintiff by creating a hostile work environment and eventually terminating him.

57. Defendant's violation of the FMLA was intentional and willful.

58. Said violations warrant an award of any and all applicable damages, including lost pay, liquidated damages and attorneys' fees.

59. No previous application has been made for the relief requested herein.

### COUNT IV – EQUITABLE ESTOPPEL

60. The foregoing paragraphs are incorporated herein in their entirety as it set forth in full.

61. Radware recommended to Plaintiff that he take FMLA leave, provided him with FMLA documents to be completed and submitted, mispresented to Plaintiff that it would provide him with all of the rights protections of the FMLA and advised that Radware would treat the first twelve (12) weeks of leave as if it were covered by the FMLA.

62. Radware was well aware that it would not provide Plaintiff with all of the rights and protections of the FMLA when it recommended that Plaintiff take medical leave.

63. Radware intended for Plaintiff to rely upon the information it provided Plaintiff regarding FMLA leave.

64. Plaintiff reasonably relied on the advice given to him regarding FMLA being offered by Defendant and in reliance thereof, took medical leave.

65. As a result of taking medical leave in reasonable reliance upon Defendant's representations, Defendant retaliated against Plaintiff by creating a hostile work environment and eventually terminating him.

66. As a result of its actions and representations as set forth herein, Defendants must be equitably estopped from claiming that Plaintiff is not FMLA eligible.

67. As a result of Defendant's actions and representations as set forth herein, Plaintiff has suffered significant damages including but not limited to lost pay and benefits.

## **RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant;

(a) Declaring the acts and practices complained of herein to be in violation of the ADA, the FCRA and the FMLA or, in the alternative, that Defendant is equitably estopped from claiming that Plaintiff is not FMLA eligible and must provide all of the rights and obligations to Plaintiff that he would be entitled to under the FMLA;

(b) Entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(c) Enjoining and restraining permanently the violations alleged herein;

(d) Awarding compensatory damages to Plaintiff and to make Plaintiff whole for all past and future lost earnings, benefits and earing capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendant's discriminatory, retaliatory and unlawful conduct;

(e) Awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation and pain and suffering;

(f) Awarding liquidated damages to Plaintiff as a result of Defendant's retaliatory conduct;

(g) Awarding punitive damages to Plaintiff;

(h) Awarding Plaintiff costs of this action, together with reasonable attorney's fees'

(i) Awarding Plaintiff such other damages as are appropriate under the ADA, the FCRA and the FMLA; and

(j) Granting such other and further relief as this Court deems appropriate.

Respectfully submitted,

*/s/ Amy Christiansen*

GEORGE M. VINCI, JR., ESQ.
Florida Bar No. 817201
AMY L. CHRISTIANSEN, ESQ.
Florida Bar No. 602841
SPECTOR GADON ROSEN VINCI LLP
360 Central Ave., Suite 1550
St. Petersburg, FL 33701
Telephone (727) 896-4600
Facsimile (727) 896-4604
Primary: achristiansen@sgrvlaw.com
Secondary: mblackthorne@sgrvlaw.com
Tertiary: pleadings@sgrvlaw.com
Attorneys for Plaintiff